UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALBERT GONZALES[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00012-TAB-SEB |
| | ) |
| THOR MOTORS COACH INC D/B/A JAYCO INC, | ) |
| RICHARDSON'S RV CENTERS, INC., | ) |
| JAYCO, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON
DEFENDANTS' MOTION TO CHANGE VENUE**

**I.  Introduction**

This matter involves an allegedly defective RV trailer that Plaintiff Albert Gonzalez can no longer properly drive.  Ironically, the case itself has logged many miles, traversing state and federal jurisdictions in California and Indiana.  Unfortunately, its travel journey is not yet complete.  Defendants have filed a motion to change venue [Filing No. 19] requesting that this Court transfer this action to the Northern District of Indiana.  Although Plaintiff opposes the motion, Defendants have demonstrated that transfer to the Northern District will serve the convenience of the parties, the witnesses, and the interests of justice.  Accordingly, for the reasons explained below, Defendants' motion to transfer venue is granted.

---

[1] Plaintiff notes in his response brief that the docket reflects improper spelling of his last name and should read "Gonzalez."  Defendants' notice of removal used the correct spelling of Plaintiff's name within the body of the notice, but erroneously referred to Plaintiff as "Gonzales" in the caption.  [Filing No. 1.]  The Clerk is directed to update the docket to identify Plaintiff as "Albert Gonzalez."

## II. Background

Plaintiff originally filed his complaint against Defendants in California state court. However, he subsequently filed the California action in Marion Superior Court in Indiana after the California court ruled that a mandatory forum selection clause contained in Defendants' warranty required all actions be filed in Indiana. [Filing No. 19-1, at ECF p. 1-2.] Defendants removed the case to the United States District Court, Southern District of Indiana—the federal district encompassing Marion Superior Court. [Filing No. 1.] Defendants then filed a motion to change venue [Filing No. 19], which is the subject of this order, seeking to have this case transferred to the Northern District of Indiana. Defendants' motion contends that the Northern District is the most appropriate and convenient forum for this matter. Plaintiff opposes Defendants' motion and requests in his response that the Court instead transfer this case to the Central District of California, or, alternatively, allow it to remain in the Southern District of Indiana. [Filing No. 21.]

## III. Discussion

The Court first addresses, and quickly dispatches, Plaintiff's request for a transfer to the Central District of California. The problem with this request is two-fold. First, as noted in Local Rule 7-1(a), "A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." S.D. Ind. L.R. 7-1. Therefore, Plaintiff's transfer request is inappropriate and properly disregarded. Second, the California state court has already reviewed the forum selection clause, declared it valid, and identified Indiana as the proper venue. Plaintiff took no action to seek a reconsideration or appeal of that decision. Thus, there is no basis to relitigate that issue or return this case to California.

This leaves the question of whether the case should remain in the Southern District of Indiana or be transferred to the Northern District.  "Section 1404(a) provides that for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 707 (7th Cir. 2020) (internal citation, quotation marks, and brackets omitted).  The decision to transfer a case is within the Court's discretion.  *See, e.g., Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010) ("[W]e grant a substantial degree of deference to the district court in deciding whether transfer is appropriate.").  "The Court typically considers the following factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the situs of material events and access to proof; and (4) the interest of justice.  *Prolific, LLC v. Freedom Central Holdings, Inc.*, No. 1:21-cv-02725-SEB-TAB, 2022 WL 2356076, at *4 (S.D. Ind. Feb. 25, 2022) (internal citation and quotation marks omitted), *report and recommendation adopted*, 2022 WL 2763234 (S.D. Ind. July 14, 2022).

The parties acknowledge that venue is proper in the Southern District of Indiana.  [Filing No. 19, at ECF p. 5; Filing No. 21, at ECF p.3.]  Plaintiff further argues that maintaining the case in the Southern District of Indiana would be in the interests of justice.  [Filing No. 21, at ECF p. 4.]  However, Defendants argue that venue and jurisdiction are also proper in the Northern District of Indiana and that transfer would serve the convenience of the parties, witnesses, and interests of justice.

Defendants contend that the Northern District has subject matter jurisdiction over this matter because Plaintiff has raised a claim under the Magnuson-Moss Warranty Act, and

3

supplemental jurisdiction over the state law claims.  28 U.S.C. § 1331; 15 U.S.C. § 2310(d)(3)(B).  In addition, Defendants argue that the Northern District of Indiana has personal jurisdiction over the parties because the parties waived personal jurisdiction in this matter through the forum selection clause.  In addition, Defendant Jayco, Inc.'s headquarters are in the Northern District of Indiana, the subject vehicle was manufactured in LaGrange County, Indiana, and all warranty claims were processed at Jayco's headquarters in Elkhart County, Indiana.

Plaintiff's response does not address these arguments.  Rather, Plaintiff focuses on his belief that maintaining the case in the Southern District of Indiana would be in the interests of justice.  In support, Plaintiff first briefly notes that his counsel has offices located in the Southern District.  [Filing No. 21, at ECF p. 4.]  However, the mere fact that Plaintiff's counsel practices in the Southern District is not a compelling reason to deny Defendants' transfer request.  Plaintiff has not alleged that his counsel is not admitted to practice in the Northern District or that his counsel cannot travel to the Northern District or participate virtually in proceedings there.

In addition, Plaintiff claims that since several RV manufacturers are located within the Northern District, the jury pool there is "likely to be comprised of 'everyone and his brother' having some connection to the RV industry."  [Filing No. 21, at ECF p. 4.]  Thus, Plaintiff argues that the fact that the RV industry is so significant in the Northern District is likely to taint jurors' objectivity.  However, Plaintiff presents no evidence, beyond mere speculation, to suggest juror bias would exist in this case if transferred to the Northern District.  On the other hand, Defendants cite two Northern District cases involving RVs that jurors resolved in plaintiffs' favor.  *See, e.g., Smith v. Nexus RVs, LLC*, 572 F. Supp. 3d 550, 554 (N.D. Ind. 2021) (noting the case resulted in a jury verdict for the plaintiffs on their Indiana Deceptive Consumer Sales Act claim and award of $150,000 in damages); *Hoopes v. Gulf Stream Coach, Inc.*, 1:10-cv-00365-

4

JD, 2017 WL 6884317, at *1 (N.D. Ind. April 13, 2017) (denying the defendant's motion for judgment as a matter of law following jury verdict finding the defendant breached a warranty to the plaintiffs and violated the Magnuson Moss Act). Thus, this argument is not compelling.

Next, Plaintiff claims that the convenience of the witnesses favors the Southern District, merely because there are direct flights from Los Angeles to Indianapolis. [Filing No. 21, at ECF p. 5.] However, Defendants point out that there are many travel options near the Northern District divisions. Defendant Jayco, Inc. is headquartered in Elkhart County, which is in the South Bend division. South Bend has an international airport less than 20 minutes from its federal courthouse. Thus, potential travel concerns do not weigh in favor of the Southern District over the Northern District.

Rather, convenience of the witnesses weighs in favor of the Northern District. Plaintiff's claims arise out of the manufacturing and assembly of an RV trailer in the Northern District of Indiana. While discovery has not yet begun, Defendants anticipate that agents or employees of Jayco will serve as witnesses in this matter, and they are located in or around the Northern District. In contrast, neither side has noted any witnesses who reside in the Southern District of Indiana. Plaintiff does not reside in the Southern District. In fact, the Southern District has absolutely no connection to the underlying facts of this case. And as already noted, to the extent that witnesses would be traveling from California, they would presumably travel to and from the South Bend International Airport. Thus, the convenience of the witnesses favors the Northern District.

Finally, Plaintiff argues that deference should be given to a plaintiff's choice of forum. [Filing No. 21, at ECF p. 6.] "As a general proposition, a plaintiff's choice of forum is usually entitled to deference. The amount of deference a particular choice of forum warrants, however,

5

depends on the forum's connection to relevant events." *Advanced Turf Solutions, Inc. v. Johns*, 223 F. Supp. 3d 786, 789 (S.D. Ind. 2016) (internal citations omitted).  Thus, the presumption in favor of the plaintiff's choice of forum is rebuttable.  *Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 986 (S.D. Ind. 2016).  In this case, the Southern District of Indiana is not Plaintiff's home state, nor does it have any connection to the relevant events.  Rather, the Southern District bears no relationship to this case.  In fact, the Southern District of Indiana was not even Plaintiff's first—or second—choice.  First, he filed in California state court, then in Indiana state court.  Thus, Plaintiff's stated preference for the Southern District over the Northern is entitled to little weight.

Accordingly, this matter should be transferred to the Northern District of Indiana.  This case has no nexus to the Southern District of Indiana.  Neither Plaintiff, nor any facts relevant to this dispute, have a connection to the Southern District.  Transfer to the Northern District will serve the convenience of the parties, the witnesses, and the interests of justice.  Jayco's headquarters are in the South Bend division of the Northern District of Indiana, and all relevant events concerning the manufacturing and assembly of the RV at issue occurred there.  A significant number of witnesses are likely to reside in or near the Northern District.  Transfer to the Northern District of Indiana supports the interests of justice and efficient functioning of the courts.

### IV. Conclusion

For these reasons, this matter is once again on the move. Defendants' motion to transfer venue to the Northern District of Indiana [Filing No. 19] is granted. The Clerk is directed to transfer this matter to the South Bend division of the Northern District of Indiana.

Date: 4/10/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email